UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARTHUR SAWYER; JARRETT DRAKE; ERIC MESCHINO, on behalf of themselves and those similarly situated<br>　　　　　　　Plaintiffs,<br><br>VERSUS<br><br>MONTEREY BAY AQUARIUM and MARINE STEWARDSHIP COUNCIL,<br><br>　　　　　　　Defendants. | CIVIL ACTION NO. 2:23-CV-00796<br><br>JUDGE GREG GERARD GUIDRY<br><br>MAG. KAREN WELLS ROBY |

**DEFENDANT MONTEREY BAY AQUARIUM FOUNDATION'S SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER DUE TO IMPROPER VENUE OR, IN THE ALTERNATIVE, <u>LACK PERSONAL JURISDICTION</u>**

**MAY IT PLEASE THE COURT:**

This memorandum is respectfully submitted by Defendant Monterey Bay Aquarium Foundation ("MBA") in reply to Plaintiffs' Supplemental Memorandum in Opposition to MBA's Motion to Transfer Due to Improper Venue or, in the Alternative, Lack of Personal Jurisdiction (R. Doc. 18).

**I.　Argument**

Responding to Plaintiffs' arguments regarding jurisdiction is akin to playing a game of "Whac-a-Mole." In their Petition, Plaintiffs alleged that this Court has personal jurisdiction over MBA because the Seafood Watch website is accessible in Louisiana, and further, because MBA's Seafood Watch recommendations have caused Whole Foods, Hello Fresh, and Blue Apron to cease selling American lobster nationwide, including in the state of Louisiana. R. Doc. 1 at ¶¶ 15(b), 69, 77.

In MBA's Motion to Transfer Due to Improper Venue or, in the Alternative, Lack of Personal Jurisdiction (R. Doc. 7), MBA responded to these allegations by noting that the United States Court of Appeal for the Fifth Circuit has squarely held that "[m]aking a website that's visible in [the forum state] of course, does not suffice [to establish personal jurisdiction]." *Johnson v. The HuffingtonPost.com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021), cert. denied, 214 L. Ed. 2d 277, 143 S. Ct. 485 (2022). Rather, what matters is whether "the forum state was 'the focal point both of the [alleged libel] and of the harm suffered.'" *Id*. at 318 (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984)). Further, with respect to Whole Foods, *et al.*, the Fifth Circuit has held that an allegation that the plaintiff suffered harm in the forum state is not sufficient to establish jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 376 (5th Cir. 2010). Rather, what matters if whether the forum state was "'the focal point both of the [alleged libel] and of the harm suffered.'" *Johnson*, 21 F.4th at 318 (quoting *Calder*, 465 U.S. at 789).

Plaintiffs then revised their arguments for jurisdiction and venue. Specifically, they acknowledged that "MBA may on its own lack a presence in Louisiana," but argued that MBA is nonetheless subject to jurisdiction in Louisiana under an agency theory because MBA allegedly compels companies such as Whole Foods, HelloFresh and Blue Apron to sell or purchase only products approved by Seafood Watch. R. Doc. 11. at 6-7. Importantly, Plaintiffs acknowledged that their agency argument required that MBA, as the alleged principal, "have the right to control both the means and the details of the process by which the alleged agent is to accomplish his task":

> "Essential to the existence of an actual agency relationship is (1) acknowledgement by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." *In re ChineseManufactured Drywall Products Liability Litigation*, 753 F.3d 521, 530 (5th Cir. 2014) (quoting *Goldschmidt v. Holman*, 571 So.2d 422, 424 n.5 (Fla. 1990) (internal quotation marks omitted)). "The essential element of an agency relationship is the right of control. The alleged principal must have the right to control both the means and the details of the process by which the alleged agent is

to accomplish his task." *Matter of Carolin Paxson Advertising, Inc.*, 938 F.2d 595, 598 (5th Cir. 1991) (internal citations omitted), *accord Aupied v. Joudeh*, 694 So.2d 1012, 1015 (La. Ct. App. 1997).

R. Doc. 11 at 5. Indeed, under the jurisprudence cited by Plaintiffs, the control must be so complete that the purported agent "manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation." *In re Chinese-Manufactured Drywall Products Liability Litigation*, 753 F.3d 521, 530 (5th Cir. 2014).

MBA responded to Plaintiffs' agency theory by showing that Plaintiffs' allegations regarding the relationship between MBA and Whole Foods, HelloFresh and Blue Apron came nowhere close to the level of control required. R. Doc. 13-2 at 4-5. MBA further noted that even if MBA's relationship with Whole Foods, *et al*. was sufficient to establish an agency relationship for jurisdictional purposes, Plaintiffs would still be required to establish that the conduct of the agent relevant to the lawsuit was directed at the forum state, which they had not done. *Id*. at 7-8.

Plaintiffs have now filed a supplemental memorandum to offer evidence[1] showing that Whole Foods displays the Seafood Watch logo in its stores, and that it affirmatively tells its customers that it does not sell products that receive a "red" rating from Seafood Watch. Significantly, despite their prior representations to this Court that "agency" requires a showing of control, they now claim that whether or not MBA has the power to control anything about Whole Foods "is irrelevant." R. Doc. 16-2 at 3. What matters, according to Plaintiffs' most recent filing, is whether Whole Foods has made a commitment to follow MBA recommendations. *Id*. ("Whether or not MBA actually has the power to hold a corporate partner to its commitment is irrelevant to the question of whether such a commitment actually exists.").

---

[1] MBA objects to the use of Plaintiffs' exhibits in their supplemental memorandum as hearsay. These exhibits amount to unauthenticated statements made by Whole Foods and are being offered to prove the truth of the matter asserted. These statements are clearly hearsay under Rule 801 of the Federal Rules of Evidence. As such, this Court should not consider Plaintiffs' exhibits in their supplemental memorandum.

Respectfully, Plaintiffs' filings are slithery. For example, in their original Complaint, *Plaintiffs alleged* that MBA "*collaborates* with several major buyers of seafood—including Blue Apron, Hello Fresh, and Whole Foods," R. Doc. 1 at ¶ 25 (emphasis added). Then, in their Opposition to MBA's Motion, Plaintiffs curiously claimed that "*MBA's portrayal* of this relationship as a "partnership" or "collaboration" is immaterial," and further that "MBA exercise[s] considerable control over the purchasing decisions of [Whole Foods]." R. Doc. 11 at 7-8 (emphasis added).  Now, in their supplemental memorandum, Plaintiffs assert that whether or not MBA actually has the power to control Whole Foods "is irrelevant." R. Doc. 16-2 at 2.

Plaintiffs' confusing advocacy can be easily resolved, however. Plaintiffs themselves have acknowledged that a finding of "agency" requires "(1) acknowledgement by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." R. Doc. 11 at 5. These elements plainly do not exist between MBA and Whole Foods.

That Whole Foods has declared to its customers that it will not sell seafood rated "red" by Seafood Watch[2] says nothing about why Whole Foods has made this decision, and Plaintiff has utterly failed to demonstrate that MBA in fact controls anything at Whole Foods. By way of example, if a retailer declared to its customers that it only sold products that have received the Good Housekeeping seal of approval, such a declaration would not establish that Good Housekeeping controlled the retailer. And it most certainly would have no effect on where Good Housekeeping is subject to jurisdiction.

---

[2] As noted previously, even Whole Foods' commitment on this is conditional, as it says it will not sell seafood rated Red by Seafood Watch "unless it's Marine Stewardship Council certified sustainable." www.wholefoodsmarket.com/quality-standards/seafood-standards.

4

Finally, it bears mention that in neither of Plaintiffs' offerings to this Court do they address the requirements that the actions purportedly establishing jurisdiction must be directed toward the forum state, and that "the forum state must 'the focal point both of the [alleged libel] and of the harm suffered.'" *Johnson*, 21 F.4th 314 at 318 (quoting *Calder v. Jones*, 465 U.S. 783 (1984)). Plaintiffs have not alleged that any statement or other action by MBA giving rise to Plaintiffs' claims—or any statement or other action by Whole Foods—was directed at Louisiana, or that Louisiana was the focal point of the harm they suffered. Nor could they.

## II.   Conclusion

For the foregoing reasons, MBA submits that this Court lacks both jurisdiction and venue, and that this case should be transferred to the United States District Court for the Northern District of California, or alternatively that the case should be dismissed.

Respectfully submitted:

*/s/ Loretta G. Mince*
Loretta G. Mince (La Bar No. 25796)
Michael R. Dodson (La. Bar No. 37450)
Ashton Licciardi (La. Bar No. 38816)
FISHMAN HAYGOOD L.L.P.
201 St. Charles Ave. # 4600,
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
lmince@fishmanhaygood.com
mdodson@fishmanhaygood.com
alicciardi@fishmanhaygood.com
*Attorneys for Monterey Bay Aquarium Foundation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Loretta G. Mince*